UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BISHOP T. HAMILTON,

  Plaintiff,

v.               Case No. 18-cv-47-pp

JASON MILLER, KYLE FERSTL,
BRIAN SOLCHENBERGER,
TRAVIS HAAG, TERRENCE JUDD, and
OSHKOSH CORRECTIONAL INSTITUTION,

  Defendants.

**ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING THE PLAINTIFF'S COMPLAINT (DKT. NO. 1)**

On January 9, 2018, the plaintiff filed a complaint under 42 U.S.C. §1983, alleging that the defendants were deliberately indifferent to his serious medical needs. Dkt. No. 1. He also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

**I. Motion to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may

allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 5, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $9.86. Dkt. No. 9. The court received that fee on February 23, 2018. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee, and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening of the Complaint**

    A.    *Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) the person who deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  *Factual Allegations*

The events the plaintiff describes in his complaint took place while he was in custody at the Columbia Correctional Institution. Dkt. No. 1 at 2. He has sued Jasen B. Miller, corrections sergeant Kyle N. Ferstl, Brian M. Solchenberger, corrections officer Travis J. Haag, corrections sergeant Terrence C. Judd, and Oshkosh Correctional Institution. Id. at 1, 2. He also mentions "Supervising Officer 2." Id. at 2.

The plaintiff alleges that on March 3, 2017, between 1:00 a.m. and 3:00 a.m., he experienced a diabetic seizure. Id. He alleges that Haag, Judd and Ferstl, as well as "Supervising Officer 2," came into his cell without a nurse and "perform[ed] a [medical] procedure on [him]." Id. He says that "they" did not believe that he actually was having a diabetic seizure, and that "they" thought

3

that he was "playing." Id. The plaintiff asserts that "they" did not call a nurse, or an ambulance. Id.

For relief, the plaintiff asks to be placed on parole or probation, and asks for an award of money damages. Id. at 3.

C. *The Court's Analysis*

The plaintiff cannot sue the Oshkosh Correctional Institution for violating his civil rights. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. "[P]risons . . . are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them." Liske v. Wisconsin, No. 08-C-252, 2008 WL 905229, at *1 (E.D. Wis. Apr. 2, 2008) (citing Maier v. Wood Cty. Courthouse, 2007 WL 3165825, *2 (W.D. Wis. 2007). Further, Oshkosh Correctional Institution is part of the Wisconsin Department of Corrections, which is an agency of the state of Wisconsin. "[A] state and its agencies are not suable 'persons' within the meaning of section 1983 . . . ." Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989)). The court will dismiss Oshkosh Correctional Institution as a defendant.

The plaintiff appears to be arguing that the defendants ignored his diabetic seizure, and refused to help him or provide him with care. Prison officials violate the Eighth Amendment's proscription against cruel and

4

unusual punishment when they display "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind.'" Lee v. Young, 533 F.3d 505, 509 (7th Cir. 2008). An objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. See Foelker v. Outagamie Cty., 394 F.3d 510, 512–13 (7th Cir. 2005). And a prison official acts with a "sufficiently culpable state of mind" when he knows of and disregards an excessive risk to a prisoner's health. Farmer v. Brennan, 511 U.S. 825, 834 (1994). He must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." Id. at 837.

The plaintiff has alleged that he suffered a diabetic seizure. For the purposes of summary judgment, the court concludes that this is a serious medical condition. The question is whether the plaintiff has alleged sufficient facts to show that any of the people he has sued acted with deliberate indifference to that condition.

At the top of page 2 of the complaint, the plaintiff wrote the names of defendants Haag, Judd and Ferstl, as well as "Supervising Officer 2." Dkt. No. 1 at 2. He then stated that "they" came into his cell and performed a medical

procedure on him, without calling a nurse or an ambulance even though he was having a diabetic seizure. The court concludes that the plaintiff has stated sufficient facts to allow him to proceed on an Eighth Amendment deliberate indifference claim against defendants Haag, Judd, Ferstl and "Supervising Officer 2."

The court will not allow the plaintiff to proceed against defendants Jason Miller and Brian Solchenberger. Although he lists defendants Miller and Solchenberger in the caption of his complaint, the plaintiff does not allege what they did, or failed to do, in violation of his rights. See Morfin v. City of East Chi., 349 F.3d 989, 1001 (7th Cir. 2003) (noting that there is no liability under §1983 unless the defendant is personally involved in the violation of plaintiff's rights). The court will dismiss Miller and Solchenberger as defendants.

The court also notes that while the plaintiff has asked for money damages, he also has asked the court to put him on probation or parole. In other words, he asks this court to shorten the length of his sentence, and release him immediately. The "sole federal remedy" for a prisoner who seeks to shorten his sentence or be released from custody "is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The plaintiff cannot obtain probation or parole through a civil rights lawsuit. If he believes that there are constitutional violations that require him to be released to probation or parole, he must file a *habeas* petition under 28 U.S.C. §2254.

Finally, at the very end of his complaint, the plaintiff asks to speak to a

lawyer. Dkt. No. 1 at 3. In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff can make that showing by contacting at least three lawyers and asking them to represent him, then providing the court with any rejection letters or other proof that his efforts did not succeed. Once the plaintiff has tried, and failed, to find counsel on his own, the court then must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff has not shown that he has attempted to find an attorney on his own. For that reason, the court denies his motion. But even if he had demonstrated that he tried to find a lawyer on his own, the court would not appoint counsel for the plaintiff right now. The plaintiff has not explained why he wants a lawyer, but the court can guess that he has no legal training, does not have the money to hire a lawyer and believes that being in custody will

make it hard for him to do research and file papers. All of this is true, but it is true for almost every inmate who files a lawsuit. Almost every inmate asks the court to appoint a lawyer to represent them. The court does not have money to hire lawyers for those who ask, and there are not enough volunteer lawyers to represent everyone who asks. The court considers appointing a lawyer, therefore, only when the case has proceeded to a point that the inmate cannot handle it himself.

The next step in this case is for the plaintiff's complaint to be served on the defendants. After the defendants receive the complaint, they either can file an "answer," or respond in some other way. Once the defendants have responded to the complaint, the court will issue a scheduling order, setting deadlines for conducting "discovery" (collecting information about the case—the plaintiff can use this process to try to figure out the identity of Supervising Officer 2) and filing motions. If, later in the case, the plaintiff feels that he can't handle certain tasks on his own, he can ask again for the court to appoint him a lawyer.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** Jason Miller, Brian Solchenberger, and Oshkosh Correctional Institution as defendants.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** the clerk's office to electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendants Kyle Ferstl, Travis Haag and Terrence Judd.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** defendants Kyle Ferstl, Travis Haag and Terrence Judd to file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $340.14 balance of the filing fee by collecting monthly payments from the trust account in an amount equal to 20% of the preceding month's income credited to the account, and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10, in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of Oshkosh Correctional Institution, where the plaintiff is in custody.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he must submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 31st day of August, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**