UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BISHOP T. HAMILTON,

                Plaintiff,

v.                                              Case No. 18-cv-47-pp

KYLE FERSTL, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT
(DKT. NO. 31)**

On March 13, 2020, the court granted summary judgment in the defendants' favor because it found that the plaintiff had failed to exhaust his administrative remedies. Dkt. No. 29. The court entered judgment that same day. Dkt. No. 30. On March 24, 2020, the court received from the plaintiff a motion to amend the complaint, attempting to address the evidentiary deficiencies that resulted in the court finding he did not exhaust his administrative remedies. Dkt. No. 31.

Because the court already has entered final judgment, the "plaintiff may amend his complaint only after successfully moving to vacate or set aside a judgment under Federal Rule of Civil Procedure 59(e) or 60(b)." Tavar v. Sharp, 500 F. Appx. 542, 543 (7th Cir. 2013) (citations omitted). The court is not required to construe the plaintiff's motion to amend as a motion to vacate. Id.

1

Because the plaintiff is representing himself and isn't a lawyer, the court will consider whether the plaintiff meant to ask for relief other than leave to amend the complaint. To the extent that the plaintiff intended his brief (dkt. no. 33) to act as a motion to amend the *judgment* under Rule 59(e), it would be timely. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)).

The plaintiff seeks to amend his complaint to submit new evidence showing there was documentation proving he was force-fed milk and jelly (which the court indicated in its earlier ruling the plaintiff had not mentioned). Dkt. No. 33 at 1. But this documentation does not change the fact that there is no evidence in the record demonstrating that the plaintiff exhausted his administrative remedies. Even if it did, these were documents that the plaintiff had access to during the summary judgment phase of this litigation "Motions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." Obriecht, 517 F.3d at 494.

Regarding exhaustion, the plaintiff, through a "jailhouse lawyer," argues that he was confused about how the inmate grievance system worked, stating that because the warden signed his grievance, he thought it was final and that he did not have to appeal. Dkt. No. 33 at 2-3. The issue with the grievance in question, Inmate Complaint OSCI-2017-14460, is that the plaintiff did not

complain in that grievance that the defendants failed to attend to his medical needs. So, it is irrelevant that the plaintiff did not appeal it. And again, this is information the plaintiff had during the summary judgment phase of the case and he could have included it in his response brief. The plaintiff does not argue that the court committed was a manifest error of fact or law.

The court **DENIES** the plaintiff's motion to amend the complaint. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 20th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**